1  Oliver P. Cleary [SB#168440]
   LAW OFFICES OF OLIVER P. CLEARY
2  468 N. Camden Drive, #200
   Beverly Hills, CA 90210
3  T: (424) 324-8874
   olivercleary@gmail.com
4
5  Attorney for defendant,
   Lorenzo Lopez-Testa
6

7              IN THE UNITED STATES DISTRICT COURT
8            FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 19-CR-00518-JFW |
|---|---|
| Plaintiff, | **MOTION FOR TRANSFER OF DEFENDANT TO HOME CONFINEMENT** |
| vs. | |
| LORENZO LOPEZ-TESTA, | |
| Defendant. | |

### MEMORANDUM OF POINTS & AUTHORITIES

On January 6, 2020, Mr. LOPEZ-TESTA was sentenced to 36 months' imprisonment in the Bureau of Prisons - the mandatory minimum sentence allowed for given his offense of conviction. This Court will likely recall its sentiments expressed at Mr. LOPEZ-TESTA's sentencing hearing that, but for the mandatory minimum sentence proscribed by law, a lower sentence would have been imposed.

As evidenced by the Bureau of Prison's Inmate Locator, Mr. LOPEZ-TESTA's projected release date is March 16, 2022– less than 20 months from today's date. He is currently housed at the Nevada Southern Detention Center.  As of today's date, 3.7% of detainees in facilities such as this are positive for Covid-19, that is, 835 people.  (See Coronavirus/Covid-19 Resource Page, Oversight of ICE Detention Facilities: Examining Ice

1

Contractors' Response to Covid-19 dated July 13, 2020).  As his release plan is to live with his sister in the San Diego area, this would allow him to be close to, and have the support of, not only his sisters and their families but also his own family, including his son and daughter.

# I.
# The Compassionate Release Standard

As amended by the FIRST STEP Act, a court may modify a term of imprisonment on Motion by petitioner after considering the factors set forth in 18 U.S.C.§ 3553 (a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C.§3582 (c) (l) (A) (i). "Extraordinary and compelling reasons" has been defined by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. § IB1.13, Application Note 1. The Sentencing Commission has provided that a sentence may be modified due to the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications. U.S.S.G. § IB1.13, n. 1 (A)-(C).

The Sentencing Commission has also provided a "catch-all provision" that allows for a sentence modification upon a showing of an "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A)through (C)." Id. at n.1(D); see also United States v. Fox, 2019 WL 3046086, at *3 (D. Me. July11, 2019) ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive"); United States v. Lisi, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020)  [T]he Court may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release...[but§ IBl.13's policy statement] remain[s] helpful as guidance to courts...."). However, a petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). In sum, the Court may consider a combination of factors, including but, not limited to, those listed in Application Note 1, in evaluating a petitioner's request for a sentence modification under the "catch-all provision."

# II.
# LOPEZ-TESTA Exhausted his Administrative Remedies
# Before MDC Transferred him out of the Facility

On April 17, 2020, LOPEZ-TESTA sent his request for compassionate release to the BOP explaining the underlying health conditions that specifically make him vulnerable to

COVID-19. (Exhibit 1) Thus, it has been over 30 days since LOPEZ-TESTA submitted his request. Therefore, LOPEZ-TESTA's exhaustion requirement is satisfied. In response, Warden Heriberto H. Tellez, Warden of the Metropolitan Detention Center, acknowledged Mr. LOPEZ-TESTA's request in a letter dated June 11, 2020. (See Exhibit 2)  However, even if he did not exhaust his administrative remedies, this Court should waive this exhaustion requirement given the COVID-19 pandemic and the catastrophic health consequences it has for inmates with underlying health conditions. See United States v. Poulios, N. 2:09-cr-109, 2020 WL 1922775, at *1 (E.D.Va. April21, 2020); United States v. Casey, No. 4:I8-cr-4, 2020 WL 2297184, at *2 (E.D.Va. May6, 2020); Miller v. United States, 2020 WL 1814084, at*2 (E.D. Mich. Apr.9, 2020); Zukerman, 2020 WL 1659880, at *3; United States v. Perez, 2020 WL 1456422, at *3 (S.D.N.Y. Apr.1, 2020); Gonzalez, 2020 WL 1536155,  at *2.

### III.
### LOPEZ-TESTA is at Heightened Risk of Serious Illness from COVID-19 which Constitutes an Extraordinary and Compelling Reason for Sentence Modification

LOPEZ-TESTA has set forth extraordinary and compelling reasons to modify his sentence because of the grave risk COVID-19 poses to individuals with underlying health conditions.  During COVID-19, federal courts around the country have found that compassionate release is justified under the circumstances.  Zukerman, 2020 WL 1659880, at *4 citing Perez, 2020 WL 1546422, at *4; United States v. Colvin, 2020 WL 1613943,* 4 (D. Conn. Apr. 2, 2020); United States v. Rodriguez, No. 2:03-CR-00271-AB-l, 2020 WL 1627331, at *7(E.D. Pa. Apr.1, 2020); United States v. Jepsen, No. 3:19-CV-00073 (VLB), 2020 WL 1640232, at *5 (D. Conn. Apr.1, 2020); Gonzalez, 2020 WL 1536155, at *3; United States v. Muniz, No. 4:09-CR-0199-l, 2020 WL 1540325, at *2 (S.D. Tex. Mar. 30, 2020); United States v. Campagna, No. 16 CR.78-01 (LGS), 2020 WL 1489829, at *3 (S.D.N.Y. Mar. 27, 2020). LOPEZ-TESTA's circumstances are no different.

LOPEZ-TESTA suffers from high blood pressure. According to the Centers for Disease Control and Prevention, individuals with high blood pressure are at heightened risk for severe illness from COVlD-19. In addition, the current rate of infection at institutions like Southern Nevada Detention Facility currently run by Corecivic where 500 employees are currently infected as of July 13, 2020. (*Examining ICE Contractors' Response to Covid*-19, Committee on Homeland Security, Border Security, Facilitation, & Operations (116th Congress), Monday,

July 13, 2020, *Virtual*).  These conditions also make LOPEZ-TESTA particularly vulnerable to COVID-19. Thus, LOPEZ-TESTA's underlying medical condition is severe putting him at substantial risk for COVID 19.

As the court is well aware, COVID 19 has rapidly spread throughout prisons all over the country. Statistics about the number of infections in BOP facilities may not be accurate given the lack of testing. See United States v. Esparza, No.l:07-cr- 00294-BLW, 2020 WL l696084, at *1 (D. Idaho. April 7, 2020).  Despite the BOP's protection measures, individuals housed in prisons remain particularly vulnerable to infection. See Muniz, 2020 WL 1540325, at *1; see also Esparza, 2020 WL 1696084, at *1 (noting that"[e]ven in the best run prisons, officials might find it difficult if not impossible to follow the CDC's guidelines for preventing the spread of the virus among inmates and staff: practicing fastidious hygiene and keeping a distance of at least six feet from others").  Thus, the Court need not wait until a diagnosis of Covid-19 occurs to determine whether to release LOPEZ-TESTA, especially when LOPEZ-TESTA suffers from underlying health conditions that may become fatal if he contracts Covid-19. See Zukerman, 2020 WL 1659880, at *6 citing Rodriguez, 2020 WL 1627331, at *12 ("the Court did not intend for that sentence to include incurring a great and unforeseen risk of severe illness or death brought on by a global pandemic").

Furthermore, the § 3553(a) factors weigh in favor of LOPEZ-TESTA's compassionate release. Outside of this conviction, LOPEZ-TESTA has no criminal history, and has maintained good conduct while in prison.  He also has strong family support to return to upon release. LOPEZ-TESTA does not pose a danger to the safety of any other person or to the community. Thus, given the circumstances in Petitioner's case, extraordinary and compelling reasons exist for his immediate compassionate release.

Pursuant to the CARES Act, the court now has the authority to order Mr. LOPEZ-TESTA transferred to home confinement to serve the remaining months of his sentence. Mr. LOPEZ-TESTA has a reentry plan in place. His offense of conviction is a low-level, non-violent offense. He does not pose a threat to the community. 18 U.S.C. §§3624(c) and 3621(b)(4) authorize this Court to recommend where a defendant should be incarcerated. This includes whether a defendant should be confined in a halfway house or in home confinement during the last year he or she is in custody. Although the court usually exercises this power at

the time of sentencing, nothing prevents it from doing so at any time the inmate is still serving his sentence. See also, <u>United States v. Ceballos</u>, 671 F.3d 852, 856 n. 2 (9th Cir. 2011). We respectfully urge you to do so now, and order the immediate transfer Mr. LOPEZ-TESTA to home confinement to serve the remainder of his sentence.

## **Conclusion**

For the reasons stated herein, it is respectfully requested that this Court exercise its authority under 18 U.S.C. §§3624(c) and 3621(b)(4) and recommend to the Bureau of Prisons that Mr. LOPEZ-TESTA be immediately transferred to home confinement to serve the remainder of his sentence. We further request that this Court recommend that Mr. LOPEZ-TESTA complete his 14-day quarantine in the residence to which he is being transferred as allowed for pursuant to AG Barr's April 3, 2020, memo.

Dated: Thursday, July 23, 2020                Respectfully submitted,

                                                                    _____/s/_____
                                                                    Oliver P. Cleary
                                                                    Attorney for Defendant,
                                                                    Lorenzo Lopez-Testa

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

# OLIVER PATRICK CLEARY
ATTORNEY-AT-LAW
468 North Camden Drive, Ste. 200
Beverly Hills, California 90210
Tel: (424) 324-8874
Email: olivercleary@gmail.com

⌘

Friday, April 17, 2020

Via email to:   LOS/ExecAssistant@bop.gov,
                Eliezer.ben-shmuel@usdoj.gov,
                LOS/lobby@bop.gov

John LeMaster, Acting Warden,
Metropolitan Detention Center
Los Angeles, CA

Re: Lorenzo Lopez-Testa [Reg#78577-122]

To whom it may concern:
   I am writing to request a transfer to home confinement for my client, Lorenzo Lopez-Testa, pursuant to §12003(b)(2) of the CARES Act, and the Attorney General's April 3, 2020, Memorandum finding the COVID-19 emergency conditions are materially affecting the functioning of the Bureau of Prisons. Mr. Lopez-Testa is medically at-risk. Transferring Mr. Lopez-Testa will decrease the population and risk at MDC-Los Angeles without endangering the greater community.
   As the Attorney General indicated in his April 3, 2020 memo, "inmates with a suitable confinement plan will generally be appropriate candidates for home confinement rather than continued detention at institutions in which COVID-19 is materially affecting their operations. As MDC-Los Angeles, like all facilities, is on lockdown, COVID-19 is materially affecting its operations.
   Mr. Lopez-Testa should be approved for transfer. He has been in custody since 2019, with full community corrections, he would be in residential reentry by July 2020. As you know, he has maintained a clear record of conduct throughout his term of confinement. His offense

1

of conviction is alien-smuggling, he has no previous criminal history, and it is undisputed he personally engaged in no acts of violence.

Finally, he is at increased risk for more severe complications from COVID-19. He has high blood pressure. According to the CDC, people with high blood pressure or other cardiac issues are at higher risk for severe illness. *Groups at Higher Risk for Severe Illness*, https://tinyurl.com/w4yd732. In addition, he is of an age group whom suffer death as a result of the pandemic in more serious numbers. The CDC has reported that, as of March 16, 2020, more than half of those hospitalized and nearly half of those admitted to an Intensive Care Unit were under the age of 65. *Severe Outcomes Among Patients with Coronavirus Disease 2019 (COVID-19) — United States, February 12–March 16, 2020*, https://tinyurl.com/ud6vgo6. The Intensive Care National Audit and Research Centre in London reports that 45.8% of those between the ages of 50-69 admitted to critical care died in critical care. ICNARC report on COVID-19 in critical care, ICNARC (Apr. 4, 2020), https://tinyurl.com/vev8dvu. Data from China reflects that people over the age of fifty face a greater risk of serious illness or death from COVID-19. Xianxian Zhao, et al., Incidence, clinical characteristics and prognostic factor of patients with COVID-19: a systematic review and meta-analysis (March 20, 2020), https://tinyurl.com/wflmgyj.

I appreciate your prompt attention to this matter.

Friday, April 17, 2020             Sincerely,

/s/ Oliver P Cleary

2

7

# EXHIBIT 2



**U.S. Department of Justice**

Federal Bureau of Prisons

*Metropolitan Detention Center*

*Office of the Warden*

*535 N. Alameda Street*
*Los Angeles, California 90012*

June 11, 2020

Oliver Patrick Cleary
Attorney-At-Law
468 North Camden Drive, Ste. 200
Beverly Hills, California 90210

RE: Lorenzo Lopez-Testa
    Reg. No. 78577-112

Dear Mr. Cleary:

This is in response to your letter dated, April 17, 2020, in which you request Mr. Lopez-Testa to be transferred to home confinement, pursuant to §12003(b)(2) of the CARES Act, and the Attorney General's April 3, 2020, Memorandum finding the COVID-19 emergency conditions are materially affecting the functioning of the Bureau of Prisons.

Mr. Lopez-Testa is no longer housed at this facility, therefore, we are unable to review and/or accommodate your request.

Sincerely,

Heriberto H. Tellez
Warden

11

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of July, 2020, I filed the foregoing **MOTION FOR RECOMMENDATION TO BUREAU OF PRISONS TO TRANSFER MR. LOPEZ-TESTA TO HOME CONFINEMENT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record, specifically; Greg Marmaro, AUSA Gregg.marmaro@usdoj.gov

Dated: Thursday, July 23, 2020         /s/_____

                                       Oliver Cleary